## Woods v. Banks *et al.*

*Appeal from Page District Court — Thursday, July* 25.

CONVEYANCE: NOTICE.

ACTION in equity. The petition alleges that, in April, 1857, plaintiff purchased of defendant Banks, by a verbal agreement, certain lands, and procured him to execute a bond and afterward a deed therefor to one Bothis, with whom plaintiff had pending some negotiations for a

*trade.* In consequence of the failure of these negotiations the bond and mortgage were never delivered, but were fraudulently procured and filed for record, the bond on the 11th of April, 1857, and the deed on the 12th of September, 1860. The bond has no certificate showing that it was acknowledged. One Wray, now deceased, it is alleged, subsequently purchased the land of Banks, with notice, however, of plaintiff's claim. The widow and heirs of Wray, who are defendants, join with Banks in an answer, and allege the purchase of the lands by Wray on the 19th day of October, 1857, without notice, either actual or constructive of plaintiff's claim.

Upon the final hearing, a decree was rendered quieting the title to the lands in plaintiff. Defendants appeal.

*Moore & Morseman* for the appellant — *W. P. Hepburn* for the appellee.

BECK, Ch. J. — The only question upon which there can be any conflict, as exhibited in the abstract before us, is one of fact, and relates to notice by Wray, the purchaser from Banks, of plaintiff's claim to the lands. It cannot be held that the filing for record of this bond to Balhos, operated as constructive notice of the instrument, whatever otherwise may have been its effects upon the rights of the parties. Not having been acknowledged, its registry did not impart notice. Rev., §§ 2220, 2224; *Burton* v. *Lewis*, 12 Iowa, 388.

Evidence was introduced to show that Wray had actual notice of plaintiff's claim, but we think it utterly fails to establish that point. It consists of rather uncertain statements of conversations and declarations of Wray, made to or in the presence of the plaintiff, in regard to his claim to the land. If these statements present the actual facts as they occurred, they hardly justify the conclusion that plaintiff's claim was known to Wray — certainly they do not present his claim in a positive and direct form, or that he set up such a claim in that way to the land. But the evidence is of little force, in view of the fact that one of the most important conversations is shown to have occurred after Wray acquired title to the land. And in fact, to our minds, the preponderance of the evidence is to the effect that the other conversation and admission of Wray was after his purchase. We think, therefore, that the evidence fails to establish notice to Wray before his purchase of plaintiff's claim. The judgment of the district court is reversed and plaintiff's petition is dismissed.

Reversed.